Nov. Term, 1857.

Rose
v.
Bath Township.

---

### Rose and Others *v.* Bath Township and Another.

Section 9 of the school law of 1855, empowering township trustees to raise taxes to build school-houses, is constitutional.

The power must be exercised strictly within the statutory limits.

*Monday, December 21.*

APPEAL from the *Franklin* Circuit Court.

STUART, J.—This case presents a similar question to that raised in *Adamson* v. *The Auditor*, &c., at the last term (1).

It is insisted that the ninth section of the school law of 1855, empowering the trustees to levy a tax in their respective townships for the construction and repair of school-houses, &c., not exceeding twenty-five cents on the one hundred dollars, is unconstitutional and void. On that hypothesis an injunction had been granted by the clerk in vacation, which the Circuit Court dissolved at the next term, thus sustaining the constitutionality of the law of 1855. *Rose* and others appeal.

This identical question has been several times before the Court, and the constitutionality of the section in question sustained. It would be remarkable indeed, if a constitution which so strongly favors education, should be

found in practice, to obstruct and bar the very first step towards giving it effect. In *Greencastle* v. *Black*, 5 Ind. R. 557, it is held that the townships cannot levy a local tax for the support of the common school system of the state; for the constitution provides that common schools, as to tuition, must be supported by state tax. The tax to build school-houses, so far as it was provided for in the same section, being inseparable from the other, fell with it.

But, in the same opinion, the theory of this ninth section was distinctly stated. Thus, while voting a tax, was regarded as unconstitutional, it was said, "The theory of our constitution is representative. The people of the townships act by trustees or other local officers; the people of the county, by their county board; the people of the state, by the legislative, judicial and executive departments. Thus, the laws operating in counties and townships, become efficient commands and rules of civil action —not mere permissions, to be disregarded or otherwise, as the voters may choose to vote. In electing members of the general assembly, the people are all heard upon every question. The executive officers of the state, the counties and the townships carry out whatever general laws the wisdom of the assembly has devised. Thus, the people speak, but under the constitution, it is through their representatives." 5 Ind. R. 575.

Thus, the legislature has clothed the trustees with power to raise taxes and build school-houses, just as they have conferred power on counties, cities and townships in other respects. The power is to be exercised within the limits prescribed, viz., twenty-five cents on the one hundred dollars. Within these limits, it is as legitimately exercised as any power of taxation, not directly a state tax, and which must necessarily be left to the discretion of city, county or township officers.

The ninth section, *supra,* was directly passed upon in *Adamson* v. *The Auditor, &c., supra,* and approved in *The Trustees, &c.* v. *Osborne,* at the present term (2).

Nov. Term,
1857.

*Per Curiam.*—The judgment is affirmed with costs.

*G. Holland,* for the appellants.

*J. D. Howland,* for the appellees.

(1) 9 Ind. R. 174.

(2) 9 Ind. R. 485. See, also, *Quick* v. *Whitewater Township,* 7 Ind. R. 570; *Quick* v. *Springfield Township, id.* 636; *Jenners* v. *The City of Lafayette, post.*